IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TRENNESSEE
KNOXVILLE DIVISION

**COLLEEN KNOSKI,** *Individually, and on behalf of herself and all other similarly situated current and former employees*,

Plaintiff,

v.

**ROCKY TOP WAFFLES, LLC**

Defendant.

CASE NO. _____

FLSA Collective Action

**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Colleen Knoski, individually, ("Plaintiff"), on behalf of herself and other similarly situated current and former tipped employees (servers) of Defendant, brings this Collective Action against Rocky Top Waffles, LLC ("Defendant") and, alleges as follows:

**I.
INTRODUCTION**

This lawsuit is brought against Defendant as Collective Action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and other damages owed to Plaintiff and other similarly situated current and former tipped employees (servers) of Defendant.

**II.
JURISDICTION AND VENUE**

1. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and, performed work for, Defendant in this district at all times relevant to this action. Defendant regularly has conducted and continues to conduct business in this district and, has engaged and continues to engage in wrongful conduct alleged herein in this district, during all times material to this action.

## III.
## SIMILARLY SITUATED DESCRIPTION

3. Plaintiff brings this action on behalf of herself and the following similarly situated persons: "All current and former hourly-paid tipped employees who have been employed by and worked as servers at any of Defendant's Waffle House restaurants in the United States at any time during the applicable statutory limitations' period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").[1]

## IV.
## PARTIES

4. Defendant Rocky Top Waffles, LLC., is a Georgia Corporation with its principal offices located at 820 Cherokee Blvd. (Suite 110), Chattanooga, Tennessee 37405-3315. Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

---

[1] Plaintiff reserves the right to modify or amend the Description upon newly discovered information gathered through the discovery process.

5. Plaintiff Colleen Knoski has been employed by Defendant as a server within this district during the applicable statutory limitations' period of this action. Plaintiff Knoski's Consent to Join this collective action as a Named Representative Plaintiff is attached hereto as *Exhibit A*.

## V.
## COVERAGE

6. Plaintiff and similarly situated tipped employees are current or former employees of Defendant.

7. At all times material to this action, Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 and, their tipped employees - including Plaintiff and potential plaintiffs - likewise have engaged in interstate commerce during all relevant times.

8. At all times material to this action, Defendant has been an "employer" as defined by the FLSA.

9. As a result, Plaintiff and class members are entitled to at least the applicable FLSA minimum wage rate of pay and any applicable overtime rate of pay.

## VI.
## FACTUAL ALLEGATIONS

10. Defendant owns and operates more than 35 franchised Waffle House restaurants in this and other districts.

11. Defendant has employed hourly-paid tipped employees at its Waffle House restaurants, including Plaintiff and those similarly situated, during all times material to this action.

3

12. Specifically, Plaintiff has been employed by Defendant as a tipped employee and has worked as a server at one of Defendant's Waffle House restaurants located within this district during all times material to this action.

13. During all times material, Defendant has had a common plan, policy and practice of compensating Plaintiff and other similarly situated tipped employees under a tip-credit compensation plan, consisting of paying such employees only a sub-minimum hourly rate of pay and then crediting tips received by such servers during their shifts which, when added to the sub-minimum pay, would amount to at least the FLSA required hourly rate of pay of at least $7.25.

14. Nonetheless, there are strict requirements under the FLSA for an employer to be eligible to administer such a tip credit compensation plan.

15. Under 29 U.S.C. § 203 (m), an employer utilizing such a tip credit compensation plan must inform its tipped employees in advance of its intention to use such plan pursuant to aforementioned 203 (m) section of the FLSA.

16. More specifically, an employer is not entitled to utilize a tip credit compensation plan unless it informs its tipped employees of the following in advance: (1) the amount of the cash wage that is to be paid to the respective tipped employee; (2) the amount by which the wages of the respective tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and, (4) that the tip credit shall not apply to any employee who does not receive the Section 201(m) notice.

17. Defendant failed to inform Plaintiff and, on information and belief, likewise failed to inform those similarly situated of the Section 203(m) four notice requirements.

18. Instead, Defendant apparently assumed Plaintiff and similarly situated servers earned enough tips each shift to amount to the difference between the sub-minimum amount they received and $7.25 per hour (of which they did not earn) and, accordingly, entered such tipped amount into its payroll system as though they were received by such servers.

19. There were numerous shifts within weekly pay periods of the applicable statutory limitations' period in which Plaintiff and similarly situated servers earned far less than the difference between the sub-minimum pay they received and the FLSA required hourly rate of pay of at least $7.25 per hour. That is to say, they earned less than the required minimum wage of $7.25 per hour within such weekly pay periods wage during all times material as required by the FLSA.

20. As a result, not only did Plaintiff and similarly situated servers frequently earn far less than the FLSA required $7.25 hourly rate of pay, they were obliged to pay taxes on tips they did not receive.

21. The U.S. Department of Labor's Fact Sheet #15 provides "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

22. According to the regulation promulgated by the U.S. Department of Labor, "tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

23. Defendant paid Plaintiff and similarly situated tipped employees the sub-minimum hourly rate of pay for such non-tip producing work, instead of the FLSA's required $7.25 per hour.

24. Defendant additionally has had a common plan, policy and practice of withholding and, thereby reducing, the wages of Plaintiff and those similarly situated by deducting a certain amount of money from their pay ($3.00) for each of their respective shifts for the cost of company food, whether such food was consumed or not by those adversely impacted - all of which caused them to receive even far less than at least at the applicable FLSA minimum wage rate of pay on the days they chose not to consume the food, within weekly pay periods during all times material.

25. Also. Plaintiff and those similarly situated routinely have spent a significant portion (20 percent or more) of their regularly scheduled shifts performing maintenance and preparation "side work", consisting of non-tip producing tasks (such as refilling sugar caddies, refilling salt and pepper shakers, filing ice bins, refilling condiments, cleaning chairs, tables, booths, etc., as well as performing pre-closing cleaning tasks, vacuuming and/or sweeping dining areas, checking dishes, and napkins), while only being compensated at a sub-minimum wage rate of pay, rather than being compensated at the applicable federal minimum wage rate of pay of $7.25 per hour.

26. Defendant has been aware at all times material that it was not compensating Plaintiff and those similarly situated at least the FLSA minimum wage of $7.25 for all hours worked within weekly pay periods.

27. The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

28. Defendant failed to keep accurate time keeping records of Plaintiff and those similarly situated during all times material.

29. The net effect of Defendant's aforementioned plans, policies and practices was to save payroll costs and payroll taxes.

30. As a consequence, Defendant has violated the FLSA and thereby enjoyed ill-gained profits at the expense of their tipped servers, including Plaintiff and similarly situated.

31. Although at this stage Plaintiff is unable to state the exact amount owed to her and potential plaintiffs, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## FLSA COLLECTIVE ALLEGATIONS

32. Plaintiff brings this action on behalf of herself and potential plaintiffs pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

33. The claims under the FLSA may be pursued by those who join to this action under 29 U.S.C. § 216(b).

34. The potential plaintiffs are so numerous that joinder of all others similarly situated is impracticable. While the exact number of potential plaintiffs is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, she believes there are hundreds of such individuals.

35. The claims of Plaintiff are typical of the claims of those similarly situated.

36. Plaintiff and those similarly situated who work or have worked for Defendant at any of its Waffle House restaurants were subjected to the same operational, compensation and timekeeping policies and practices of Defendant, without being paid fully for all their aforementioned wage claims at the applicable FLSA minimum wage rates of pay.

37. As a result, such aforementioned unpaid wage claims of Plaintiff and class members are unified through common theories of Defendant's FLSA statutory violations.

38. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are aligned with their interests.

39. Plaintiff has no interests adverse to those similarly situated.

40. Plaintiff has retained competent legal counsel who are experienced in Collective Actions.

41. The Collective Action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual potential plaintiffs are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for plaintiffs to individually seek address for the wrongs done to them.

42. Plaintiff and those similarly situated have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE

43. Plaintiff hereby incorporates all of the preceding paragraphs.

44. At all relevant times, Plaintiff and those similarly situated were employees entitled to the FLSA's protections.

45. Defendant is an employer covered by the FLSA.

46. The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b).

47. Defendant's company-wide policy and practice of requiring Plaintiff and similarly situated servers to perform work without receiving minimum wages resulted in a failure to satisfy its minimum wage obligations to Plaintiff and the potential plaintiffs, as previously described.

48. As such, Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated the minimum wages owed them.

49. Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, without a good faith basis for such failure.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and on behalf of herself and all others similarly situated request this Court to grant the following relief against Defendant:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to join under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid minimum wages to Plaintiff and potential plaintiffs who join this action at the applicable and respective FLSA minimum wage rates of pay.

C. An award of liquidated damages to Plaintiff and potential plaintiffs who join this action;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs who join this action;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs who join this action;

F.     A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G.     Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: January 10, 2023.

                              Respectfully Submitted,

                              *s/J. Russ Bryant*
                              Gordon E. Jackson (TN BPR #8323)
                              J. Russ Bryant (TN BPR #33830)
                              James L. Holt, Jr. (TN BPR #12123)
                              J. Joseph Leatherwood IV (TN BPR #39490)

                              **JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
                              Attorneys at Law
                              262 German Oak Drive
                              Memphis, Tennessee 38018
                              Telephone: (901) 754-8001
                              Facsimile: (901) 754-8524
                              *gjackson@jsyc.com*
                              *rbryant@jsyc.com*
                              *jholt@jsyc.com*
                              *jleatherwood@jsyc.com*

                              ***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***